IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter _____ |
| | ) | |
| METAMORPHIX, INC., | ) | Case No. 10-10273 (MFW) |
| | ) | **Involuntary Case – No Order for** |
| | ) | **Relief Yet Entered**[1] |
| | ) | |
| | ) | **Hearing Date**: To be Determined |
| | ) | |
| Alleged Debtor. | ) | **Objection Deadline**: To be |
| | ) | Determined[2] |
| | ) | |

## MOTION FOR RELIEF FROM THE AUTOMATIC STAY

CHRISTOPHER PAXOS, AS AGENT FOR THE TRANCHE ONE 12.5% NOTEHOLDERS (the "Agent"), the first priority secured creditors of alleged-debtor Metamorphix, Inc. (the "Alleged Debtor"), by and through the undersigned counsel, respectfully moves this Court, pursuant to Bankruptcy Code sections 362(d) and 362(f), Federal Rule of Bankruptcy Procedure 4001, and applicable Local Rules of this Court, for relief from the automatic stay as to certain collateral. A proposed form of order is **attached hereto as Exhibit 1**. The Agent respectfully submits as follows:

## JURISDICTION

1. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334 and 157, and 11 U.S.C. § 362. If any objection is filed, this is a contested matter under Federal Rules of Bankruptcy Procedure 4001 and 9014, and is a core proceeding.

---

[1] A hearing is scheduled for the afternoon of September 30, 2010. Upon information and belief and based on a review of the docket and last two hearing agendas, among other things, the Agent believes that at that hearing the Court will decide whether to enter an order for relief and, if so, under what chapter of the Bankruptcy Code.

[2] The Movant has filed with this motion a motion to shorten the notice periods applicable hereto. If the Court enters an order granting that relief, you will be provided with a copy of the order establishing the hearing date and objection deadline.

## BACKGROUND / OVERVIEW

2.  Certain Petitioning Creditors[3] filed an Involuntary Petition against the Alleged Debtor (seeking an order for relief under chapter 7) on January 28, 2010. The Alleged Debtor filed its Answer to the Involuntary Petition [D.I. 8] on March 10, 2010, then filed a *Motion Pursuant to 11 U.S.C. § 305(a) to Suspend Involuntary Chapter 7 Proceedings* (the "Alleged Debtor's Motion") [D.I. 9] on March 17, 2010.

*A.   OF THIS CASE*

3.  The Court has not yet entered an order for relief under Chapter 7 of the Bankruptcy Code. The Alleged Debtor's Motion has been continued on seven (7) occasions and is presently scheduled for hearing on September 30, 2010. It appears that in the interim there have been various discussions and negotiations, and some minor motion practice, but the bottom line is that this alleged case has been before this Court for 8 months without any order for relief, during which time period the alleged debtor has had the benefit of the automatic stay and the concomitant "breathing spell."

4.  The Alleged Debtor directly owns or controls four subsidiaries: MMI Genomics, Inc., MetaMorphix Holdings, Inc., MetaMorphix International, Inc., and MetaMorphix Canada, Inc. (collectively, the "Subsidiaries"). Upon information and belief, none of the Subsidiaries is a debtor in any pending bankruptcy case. Some or all of the Subsidiaries are about to be placed into a Maryland state-law receivership.

*B.   OF THE ALLEGED DEBTOR'S FINANCING*

5.  Prior to the Petition Date, the Alleged Debtor issued a series of convertible debt notes, some of which have been converted into equity and others of which have been

---

[3] These are Brio Capital, LP, Gunther 93 Family Trust, Martin & Howard Weiss, Weiss Access 360 Trust, DYM Enterprise, Inc., Dana Donnell, Ted Donnell, Dan Donnell, Northwest Property Management, Kurt B. Schneiter, Alpha Capital Anstalt, Bryan J. and Sandra R. Hutcheson (collectively, the "Petitioners")

reissued as newer series notes. Among other obligations, the Alleged Debtor issued $4,985,000.00 of Convertible Secured Promissory Notes bearing interest at 12.5% per annum as the first of approximately seven tranches of debt. The obligations are described as "Tranche One 12.5% Notes"; the holders of the Tranche One 12.5% Notes being the "Tranche One 12.5% Noteholders". A copy of one of the Tranche One 12.5% Notes is **attached hereto as Exhibit 2** and incorporated herein by reference.

6. To induce the Tranche One 12.5% Noteholders to make the loans represented by the Tranche One 12.5% Notes, and as additional security therefor, the Alleged Debtor and the Subsidiaries executed a Security Agreement (the "Security Agreement") on November 7, 2003. The Alleged Debtor and the Subsidiaries granted to Maroon Bells Capital, LLC, the initial agent for the Tranche One 12.5% Noteholders (the "Initial Agent"), for the benefit of the Tranche One 12.5% Noteholders, a continuing security interest and lien in and to all of the Alleged Debtor's and the Subsidiaries' respective assets of any kind and nature, whether now existing or hereafter acquired, as more fully described in the Security Agreement (collectively, the "Collateral"). A copy of the Security Agreement is **attached hereto as Exhibit 3** and incorporated herein by reference.

7. The Initial Agent evidenced and perfected the Tranche One 12.5% Noteholders' security interest in the Collateral by filing a financing statement with the Delaware Department of State. Copies of the initial financing statement and continuation statement are **attached hereto as Exhibit 4** and incorporated herein by reference.

8. By the terms of an Appointment of Successor Agent, the Tranche One 12.5% Noteholders appointed the Agent as their successor agent to the Initial Agent. A copy of

the Appointment of Successor Agent is **attached hereto as Exhibit 5** and incorporated herein by reference

9. The Tranche One 12.5% Notes, the Security Agreement, and all other documents executed by the Alleged Debtor in connection with the Tranche One 12.5% Notes evidencing the indebtedness and obligations owed by the Alleged Debtor to the Tranche One 12.5% Noteholders are collectively referred to as the "Tranche One Loan Documents."

C.   *RELIEF REQUESTED / FACTUAL ALLEGATIONS*

10.   The Agent seeks a determination that the automatic stay should now be terminated, lifted, vacated or modified in this case as it applies to the Agent and the secured creditors he represents. This is requested regardless of whether an order for relief is entered under chapter 7 or 11. It is requested in the event the hearing on an order for relief is continued yet again, or even if the Court is inclined to grant the Alleged Debtor's request under Bankruptcy Code section 305(a).

10. The Alleged Debtor defaulted on its obligations under the Tranche One 12.5% Notes by, among other things, failing to make payments to the Agent when and as due.

11. Due to the Alleged Debtor's default under the Tranche One 12.5% Notes, the Agent accelerated all amounts outstanding under the Tranche One 12.5% Notes.

12. The Alleged Debtor failed and refused to make payment of its outstanding obligations to the Agent under the Tranche One 12.5% Notes, plus accrued and unpaid interest, reasonable attorneys' fees, and other costs and expenses incurred by the Agent in enforcing his rights under the Tranche One Loan Documents.

4

13. Upon information and belief, the Alleged Debtor's liabilities exceed $100,000,000.00 and its assets are valued at less than $6,000,000.00. As of September 23, 2010, the balance due under all Tranche One 12.5% Notes is $11,028,522.00, plus all costs, fees, and other amounts allowed under the Tranche One Loan Documents. Accordingly, there is no equity in the Collateral.

14. The Agent lacks adequate protection of its interest in the Collateral. So long as the Alleged Debtor is allowed to use and possess the Collateral it will speedily diminish in value.

15. The Collateral is not necessary for Debtor's effective reorganization as this is (or is likely to soon be) a Chapter 7 bankruptcy case.

16. Cause exists to terminate the automatic stay to permit the Agent to exercise his rights pursuant to applicable non-bankruptcy law, including the foreclosure of his security interest in the Collateral. The Agent is entitled to relief for cause.

17. The Collateral will decline speedily in value due to the nature of the Alleged Debtor's business and the nature of the Collateral. Accordingly, the Agent simultaneously filed a Motion to Shorten Notice Periods regarding the relief requested herein.[4]

---

[4] At the hearing on the Motion, the Agent will present testimony and/or documentary evidence that the underlying collateral – already badly underwater to secured debt – is rapidly diminishing in value and is at this point in real danger of total collapse. The evidence will show that the Alleged Debtor is a company in shambles, with a dysfunctional board and leaders incapable of making and carrying out the business decisions necessary to protect value for all interested parties, including but not limited to the Agent. Further, the Alleged Debtor owns at least four subsidiary companies - upon information and belief some or all of these subsidiaries are likewise in serious trouble, and some or all will be in a Maryland state receivership by the time of the hearing on the Motion. As the Agent understands things, the Alleged Debtor's financial situation is such that not only can it not provide the Agent with "adequate protection" as required by law, but in fact it cannot afford to retain bankruptcy counsel and is hoping to retain a lawyer on a "contingent-fee" or similar basis.

In short, the circumstances are exigent – there are many classic signs of an impending total meltdown unless the Agent takes quick action.

18. The Agent reserves the right to file additional or supplemental memoranda if, in the Agent's opinion or upon the request of the Court, such memoranda will assist the Court in making a determination of the matters raised hereby.

**SERVICE OF THIS MOTION**

19. The Agent has served this Motion by electronic mail, and CM/ECF delivery upon counsel to the Petitioning Creditors, counsel to the Alleged Debtor, to the Office of the United States Trustee, and by e-mail (or, if no e-mail address is available) to all other parties on the service list maintained in this case by the Alleged Debtor as of this date, if there is any such service list, and same has been requested. The Agent respectfully submits that such notice is appropriate and no further notice is necessary, but upon entry of an order regarding the Motion to Shorten Notice Periods will immediately serve all parties with a copy of that order in the most expeditious manner possible.

**WHEREFORE**, Christopher Paxos, as agent for the Tranche One 12.5% Noteholders, respectfully requests that this Court enter an Order:

A. Terminating, lifting, vacating or modifying the automatic stay to allow the Agent to exercise his rights with respect to the Collateral under applicable non-bankruptcy law and the terms of the agreements between the Agent and the Alleged Debtor; and

B. Providing such other and further relief as the Court determines to be necessary, just and proper.

Dated: September 29, 2010
Wilmington, Delaware

Respectfully submitted,
**MARGOLIS EDELSTEIN**

*/s/ James E. Huggett*
James E. Huggett, Esquire (#3956)
750 Shipyard Drive, Suite 102
Wilmington, Delaware 19801
(302) 888-1112 telephone
(302) 888-1119 facsimile
jhuggett@margolisedelstein.com

-and-

LEITESS LEITESS FRIEDBERG & FEDDER, P.C.
Steven Leitess, Esquire
Gordon Young, Esquire
One Corporate Center
10451 Mill Run Circle, Ste. 1000
Baltimore, MD 21117

Counsel to CHRISTOPHER PAXOS, AS AGENT FOR THE TRANCHE ONE 12.5% NOTEHOLDERS